MAX WEISMAN, PLAINTIFF, v. JAMES BURNS, DEFENDANT.

Decided March 18, 1929.

Before Justices TRENCHARD, KALISCH and LLOYD.

For the rule, *Aaron Simon.*

*Contra, John L. Griggs.*

PER CURIAM.

The record of this case discloses that on July 1st, 1926, plaintiff was driving a Studebaker automobile in a northerly direction on Lexington avenue, in the city of Passaic. Riding with the plaintiff, in the same car, was his son, Samuel. The defendant's servant was driving a Ford truck in the same direction that the plaintiff was proceeding, and passed plaintiff's car at some point between Harrison street and President street.

There was testimony, on part of the plaintiff, to the effect that as he was driving along the highway, about four feet from the curb, at a rate of speed, estimated between fifteen and twenty miles per hour, when the defendant's truck came along, at a speed estimated between thirty and thirty-five miles an hour, and while passing the plaintiff's automobile, on its left side, at that rate of speed, the truck swung over to the right, and as it did so, the rear of the truck struck the left front of the plaintiff's automobile, damaging it and also causing the plaintiff to sustain severe injuries.

The plaintiff's story was corroborated by three disinterested witnesses. The only witness who testified, on behalf of the defendant, was his driver, and if his story is to be believed, the plaintiff's car was standing still, when the former passed with his truck, and there was no collision between defendant's truck and the plaintiff's automobile. The truck driver testified he heard no noise, felt no shock and was unaware of the fact he had come in contact with plaintiff's car.

From a fair reading of the testimony, it seems to us that the verdict of the jury was so clearly against the weight of the evidence as to indicate partiality, prejudice, passion or mistake. The verdict is set aside.

Plaintiff's rule is made absolute.